**MATHENY v EAST OHIO GAS CO.**

Ohio Appeals, 9th Dist, Summit Co.

No. 3060.   Decided Jan. 11, 1939

Brouse, McDowell, May & Bierce, Akron, for appellee.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellant.

222

OPINION

PER CURIAM:

The following statement, taken from appellee's brief, correctly epitomizes the pleadings and disposition of this case in the Court of Common Pleas:

"This action was one for personal injuries based upon asphyxiation, physical suffering and disability as a consequence of inhalation of natural gas escaping from defendant's meter. The specifications of negligence contained in the petition are as follows:

"First: In failing to exercise ordinary care to keep its meter and its connections in repair.

"Second: In failing to exercise ordinary care to keep its meter and its connections in a safe condition for the passage of gas through the same.

"Third: In failing to exercise ordinary care to prevent the gas from escaping while passing through its meter and its appliances.

"Fourth: In failing to exercise ordinary care to replace its meter and its connections when it knew, or by the exercise of ordinary care should have known, that its said appliances were liable to, and were, leaking and permitting its gas to escape therefrom.

"Fifth: In failing to exercise ordinary care to inspect and observe the condition of its meter and its connections.

"Sixth: In failing to exercise ordinary care to inspect, observe and determine the leak in its said meter and connections, and the fact that its gas was escaping therefrom.

"Seventh: In failing to exercise ordinary care to warn the plaintiff of the danger to be encountered in the basement of her said home, in the presence of and in contact with said gas so escaping from its said meter and its connections.

"The answer filed by the defendant, apart from admissions, was merely a general denial.

"Attached to the petition were interrogatories to be answered by the defendant company, which questions with their answers are as follows:

" 'Interrogatory 1. Did not The East Ohio Gas Company, itself, originally install the meter complained of in the petition filed herein, located in the basement of premises known as 679 Richland Court, Akron, Ohio?

" 'Answer: Yes.

" 'Interrogatory II: When was the meter referred to in the petition filed in this action, installed in the basement of said premises?

" 'Answer: January 3, 1925.

" 'Interrogatory III: At the time of the installation of said meter in the above premises, did not The East Ohio Gas Company, itself, make the connections between the service line and the house line with said meter?

" 'Answer: Yes.

" 'Interrogatory IV: On October 5, 1936. was not this previously installed meter located in the basement of the said premises at 679 Richland Court, Akron, Ohio, removed therefrom by The East Ohio Gas Company?

" 'Answer: Yes.

" 'Interrogatory V: Was not this meter so removed by The East Ohio Gas Company on October 5, 1936, found to be leaking and allowing gas to escape therefrom?

" 'Answer: It was found at said time that gas was leaking from said meter but in a quantity so small as to be incapable of measurement.

" 'Interrogatory VI: What was the type of this meter, which was removed on October 5, 1936, from the above premises?

" 'Answer. Positive displacement.

" 'Interrogatory VII: How long had this meter been in use?

" 'Answer: About 12 years.'

"At the conclusion of plaintiff's case, the defendant moved the court for a directed verdict. This was overruled. The motion was again renewed at the conclusion of all of the evidence, and again overruled. The jury returned a verdict for the plaintiff, defendant's motions for judgment notwithstanding the verdict and for a new trial of the issues were both overruled by the court, and judgment was thereupon entered on the verdict of the jury."

An appeal on questions of law from the judgment of the Court of Common Pleas presents the cause for review.

After analyzing the testimony of every witness, which, of course, includes that of experts, the members of this court are unanimously of the opinion that the finding of the jury, as evidenced by its verdict, that the plaintiff (appellee) suffered from natural gas asphyxiation, is manifestly against the weight of the evidence. The evidence tends to establish a carbon monoxide poisoning, and although a majority of this court do not say that reasonable minds could conclude only that the plaintiff did not suffer from natural gas asphyxiation, we do say unanimously that on that issue the verdict and judgment were manifestly against the weight of the evidence.

On the question of the proof of negligence on the part of the gas company, the members of this court are of the opinion that there is no substantial evidence from which reasonable minds could draw a logical deduction that the gas company had notice that there was gas leaking in the basement of plaintiff's home, nor does the record reveal evidence of the knowledge of any facts from which notice might reasonably be inferred.

A court in its consideration of the evidence for the purpose of determining whether it is sufficient to sustain a verdict for the plaintiff, is not governed by the test of whether there is any evidence, however slight, tending to support each material issue, but rather by the test of whether reasonable minds might reasonably reach different conclusions on each material issue.

After considering each specification of negligence in the light of the evidence, this court is of the opinion that reasonable minds could reach but one conclusion, and that is that the defendant (appellant) was not guilty of negligence which proximately caused the claimed injury of the plaintiff.

It is our duty, therefore, in following the rules pronounced in St. Mary's Gas Co. v Brodbeck, Admr., 114 Oh St 423; Northwestern Ohio Natural Gas Co. v First Cong. Church, et al, 126 Oh St 140; and Hamden Lodge etc v Ohio Fuel Gas Co., 127 Oh St 469, to reverse the judgment of the Court of Common Pleas and to render final judgment for the defendant.

Judgment reversed and final judgment entered.

STEVENS, PJ., WASHBURN, J., and DOYLE, J., concur.